```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA
```

CARL J. KIGHT, JR.,                        )
                                           )
                Plaintiff,                 )
                                           )
vs.                                        )   No. CIV-07-079-FHS
                                           )
SHERIFF JOHN TADLOCK, MAYOR OF CITY OF     )
IDABEL, OK, AND COMMISSIONER OF COUNTY,    )
                                           )
                Defendants.                )

**ORDER**

Before the court for its consideration is defendant Sheriff John Tadlock's Motion for Summary Judgment and brief in support and Motion for Confession of Defendant Sheriff John Tadlock's Motion for Summary Judgment and brief in support. The court rules as follows on the motions.

On September 30, 2008, the defendant Sheriff John Tadlock filed a Motion for Summary Judgment. Plaintiff, appearing *pro se*, failed to respond to the motion in a timely fashion. As a result on January 23, 2009, defendant filed a Motion for Confession of Defendant John Tadlock's Motion for Summary Judgment arguing that plaintiff failed to respond to the motion for summary judgment, so as a result, he was entitled to judgment. The court entered a show cause order on March 3, 2009, ordering the plaintiff to respond to the motion for summary judgment by March 27, 2009. Plaintiff failed to file a timely response.

**STANDARD FOR SUMMARY JUDGMENT**

1

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of fact. Celotex v. Catrett, 477 U.S. 317, 325 (1986). If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to those dispositive matters for which [it] carries the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir. 1991). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there

is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 249.  With these standards in mind, the court turns to the merits of the defendant's motion.

## **FINDINGS OF FACT**

The court finds the undisputed facts as follows.  At the time he filed this lawsuit, plaintiff was incarcerated in the Lawton Correctional Center in Lawton, Oklahoma.  On May 8, 2006, McCurtain County District Judge John DeWitt issued a felony warrant commanding that plaintiff be arrested and taken into custody for four offenses.  The warrant set plaintiff's bond at $10,000.  Plaintiff was arrested in accordance with the warrant on May 9, 2006.  Plaintiff does not allege that the arrest violated his rights in any manner.  On May 16, 2006, the McCurtain County District Court issued an order directing plaintiff to appear before the court on May 31, 2006.  According to plaintiff, he was in jail eight days prior to being arraigned.  The Judge informed him that he had not been arraigned prior to that time because Choctaw County had placed a hold on him based on an arrest warrant.  Plaintiff previously filed a complaint based on the allegations that he was not permitted to be arraigned within 72 hours of his arrest.  The complaint was dismissed based on plaintiff's failure to pay his filing fees.  On June 29, 2006, the Judge John DeWitt dismissed the charges against plaintiff because the witnesses were not present to proceed.  The order stated that plaintiff could be released unless he had a hold on him.  On May 22, 2006, Choctaw County had issued an arrest warrant directing plaintiff to be arrested and taken to Choctaw County.  Plaintiff's bond was set at $10,000.00. According to plaintiff, he could not post bond during his incarceration in the McCurtain County Jail because of the hold on

3

him from Choctaw County.  Plaintiff was transferred to Choctaw County following his release from the McCurtain County Jail.  His release from the McCurtain County Jail and transfer to Choctaw County occurred on approximately July 1, 2006.  Plaintiff acknowledges the sheriff's office did not act in an improper manner if the office was following court orders.  Plaintiff's allegations against Sheriff Tadlock are based only on Plaintiff's belief that the sheriff supervises the jail.  Plaintiff believed that Sheriff Tadlock "was supposed to check in-check on people...." and that he should have personally responded to plaintiff's requests.  Plaintiff concedes that he never saw Sheriff Tadlock during his incarceration.  Plaintiff concedes that Sheriff Tadlock was not involved in booking him, arresting him or taking him to court.

## I.  Individual Capacity

Sheriff Tadlock is entitled to summary judgment in his individual capacity regarding the claims in plaintiff's 42 U.S.C. Sec. 1983 action.  Sheriff Tadlock enjoys absolute immunity from plaintiff's claims against him in his individual capacity. Courts have consistently held that officials acting pursuant to a facially valid court order have a quasi-judicial absolute immunity from damages for actions taken to execute that order. Patterson v. Von Reisen, 999 F.2d 1235, 1240-41 (8th Cir. 1993). In the case at bar, plaintiff was placed in the jail and kept in the jail in compliance with valid court orders.  On May 8, 2006, McCurtain County District Judge John DeWitt issued a felony warrant commanding that plaintiff be arrested and taken into custody for four offenses. No court order was issued directing him to appear before the court on May 31, 2006.  No court order was issued dismissing the charges against plaintiff until June

4

29, 2006.  However, that court order also provided that plaintiff could not be released if he had a hold on him from another county.  Choctaw County had issued an arrest warrant directing plaintiff to be arrested and taken to Choctaw County, so there was a hold on plaintiff. Plaintiff was transferred to Choctaw County following his release from the McCurtain County Jail on approximately July 1, 2006.  Therefore, plaintiff was incarcerated in the McCurtain County Jail pursuant to valid court orders during his entire incarceration in that facility, and any official complying with those orders is entitled to absolute quasi-judicial immunity from plaintiff's claims.

Further, personal participation is an essential element of a 42 U.S.C. Sec. 1983 claim.  Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  Plaintiff cannot establish that Sheriff Tadlock personally participated in any of these events. Thus, Sheriff Tadlock is granted summary judgment on plaintiff's 42 U.S.C. Sec. 1983 claims in his individual capacity.

## II.  Official Capacity

An official capacity suit is in all respects other than name to be treated as a suit against the entity itself. City of St. Louis v. Praprotonik, 485 U.S. 112, 121 (1988).  Thus, defendant Tadlock is dismissed in his official capacity as well.

Accordingly, defendant Tadlock's motion for summary judgment is hereby granted.

DATED this 31st day of March, 2009.

                                           */s/ Frank H. Seay*
                                           Frank H. Seay
                                           United States District Judge